IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARRY LLOYD HOWARD,                         No. CIV S-06-1863-MCE-CMK-P

      Plaintiff,

  vs.                                                         ORDER

COUNTY OF ORANGE, et al.,

      Defendants.

_____/

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1

1 | 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are
2 | satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds
3 | upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff
4 | must allege with at least some degree of particularity overt acts by specific defendants which
5 | support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it
6 | is impossible for the court to conduct the screening required by law when the allegations are
7 | vague and conclusory.

### I. BACKGROUND

Plaintiff names the County of Orange, James Tilton, the director of the California Department of Corrections and Rehabilitation ("CDCR"), and R.K. Sisto, the acting warden of his prison, as defendants.  Plaintiff states that he was convicted of first degree murder in 1990 and sentenced to 25 years to life.  Plaintiff states that, in 2005, he filed an inmate grievance challenging his classification as a "life-term" prisoner.  Specifically, plaintiff claims that the CDCR has been misapplying California state law regarding such classification, in violation of his due process and equal protection rights.  Plaintiff also asserts that he has been improperly denied participation in the program which assesses good-time credits.

The gravamen of plaintiff's complaint is that he was improperly sentenced and that, as a result, he has been classified as a "life-term" prisoner by CDCR.  Specifically, plaintiff alleges:

> Plaintiff . . . contends that the judge of the superior court, upon execution of his judgment, was fully empowered to set plaintiff's term between the minimum and maximum due to the repeal of the [indeterminate sentencing law].  Plaintiff submits that this misapplication of statutory law is defined as reversible error and can be fixed.  However, California courts have not reversed this error in over 25 years, since the creation of the [determinate sentencing law].

Plaintiff, however, also specifically alleges: "Plaintiff herein does not attack the length or duration of his confinement, nor does he contend in any manner through this lawful action, that

2

1 his guilt or innocence is in question."

2       Plaintiff asserts that defendant County of Orange is responsible for the
3 inappropriate sentencing of the trial court judge and knew or should have known about this
4 alleged misapplication of California law.  Plaintiff asserts that defendants Tilton and Sisto are
5 similarly responsible based on their application of California sentencing law with respect to
6 plaintiff's classification as a "life-term" prisoner.  Plaintiff seeks declaratory and injunctive relief
7 only.

8

9           **II.  DISCUSSION**

10       In his complaint, plaintiff alleges that defendants' conduct violated his due
11 process and equal protection rights.  He names as defendants a municipality – the County of
12 Orange – and two supervisory personnel – Tilton and Sisto.  As discussed below, plaintiff's
13 complaint suffers from a number of defects.

14     **A.**     **Municipal Liability**

15       Municipalities and other local government units are among those "persons" to
16 whom § 1983 liability applies.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).
17 Counties and municipal government officials are also "persons" for purposes of § 1983.  See id.
18 at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989).  A local
19 government unit, however, may not be held responsible for the acts of its employees or officials
20 under a respondeat superior theory of liability.  See Bd. of County Comm'rs v. Brown, 520 U.S.
21 397, 403 (1997).  Thus, municipal liability must rest on the actions of the municipality, and not
22 of the actions of its employees or officers.  See id.  To assert municipal liability, therefore, the
23 plaintiff must allege that the constitutional deprivation complained of resulted from a policy or
24 custom of the municipality.  See id.  A claim of municipal liability under § 1983 is sufficient to
25 withstand dismissal even if it is based on nothing more than bare allegations that an individual
26 defendant's conduct conformed to official policy, custom, or practice.  See Karim-Panahi v. Los

1  Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

2  In this case, plaintiff asserts that defendant County of Orange is responsible for
3  the trial court judge's alleged misapplication of California state law.  A municipality, however,
4  cannot be responsible for the acts of its employees.  Rather, plaintiff must allege that the actions
5  of defendant County of Orange violated his constitutional rights.  This can be accomplished by
6  pointing to some custom or policy of the municipality that resulted in the alleged deprivation.
7  Plaintiff, however, has not alleged such a custom or policy in his complaint.  Plaintiff will be
8  given an opportunity to amend his allegations as to defendant County of Orange.

9  **B.   Equal Protection**

10  Equal protection claims arise when a charge is made that similarly situated
11  individuals are treated differently without a rational relationship to a legitimate state purpose.
12  See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972).  Prisoners are protected from
13  invidious discrimination based on race.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974).
14  Racial segregation is unconstitutional within prisons save for the necessities of prison security
15  and discipline.  See Cruz v. Beto, 405 U.S. 319, 321 (1972) (per curiam).  Prisoners are also
16  protected from intentional discrimination on the basis of their religion.  See Freeman v. Arpaio,
17  125 F.3d 732, 737 (9th Cir. 1997).  In order to state a § 1983 claim based on a violation of the
18  Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants
19  acted with intentional discrimination against plaintiff, or against a class of inmates which
20  included plaintiff, and that such conduct did not relate to a legitimate penological purpose.  See
21  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims
22  may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740
23  (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins.
24  Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998,
25  1010 (9th Cir. 1985).
26  / / /

In this case, plaintiff makes the conclusory allegation that defendants' conduct violated his equal protection rights.  Plaintiff has not, however, alleged that he was treated differently than similarly situated individuals on account of his race, religion, or some other protected classification.  Moreover, plaintiff has not alleged that defendants acted with the intent to discriminate against plaintiff, nor has plaintiff alleged that there was no legitimate penological interest behind defendants' conduct.  Plaintiff will be given an opportunity to amend his allegations.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

/ / /

/ / /

/ / /

1  Because the complaint appears to otherwise state cognizable claims, if no
2  amended complaint is filed within the time allowed therefor, the court will issue findings and
3  recommendations that the claims identified herein as defective be dismissed, as well as such
4  further orders as are necessary for service of process as to the cognizable claims.  Specifically,
5  the court finds that the current complaint is appropriate for service on defendants Tilton and
6  Sisto on plaintiff's due process claim only.  Therefore, plaintiff may choose to stand on the
7  original complaint by simply doing nothing in response to this order.
8  Accordingly, IT IS HEREBY ORDERED that plaintiff may file a first amended
9  complaint within 30 days of the date of service of this order.

11 DATED:  September 5, 2006.

         _____
         **CRAIG M. KELLISON**
         UNITED STATES MAGISTRATE JUDGE