1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    HARRY LLOYD HOWARD,                    No. CIV S-06-1863-MCE-CMK-P

12                    Plaintiff,

13          vs.                                    FINDINGS AND RECOMMENDATIONS

14    COUNTY OF ORANGE, et al.,

15                    Defendants.

16    _____/

17                    Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18    to 42 U.S.C. § 1983.  Pending before the court is plaintiff's first amended complaint (Doc. 8),

19    filed on October 3, 2006.

20                    The court is required to screen complaints brought by prisoners seeking relief

21    against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

22    § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

23    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

24    from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

25    the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

26    statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

In the first amended complaint, plaintiff names the County of Orange, James Tilton, the director of the California Department of Corrections and Rehabilitation ("CDCR"), and R.K. Sisto, the acting warden of his prison, as defendants.

Plaintiff states that he was convicted of first degree murder in 1990 and sentenced to 25 years to life in state prison. In 2005 plaintiff filed an inmate grievance challenging his prison classification as a "life-term" prisoner. Plaintiff claims that, during the course of investigating his grievance, he discovered that "the Department of Corrections . . . and the Board of Prison Terms, for many years now, misapplied the laws of this State to plaintiff, and have redefined their jurisdiction over plaintiff in a manner that gives rise to a violation of plaintiff's Constitutional rights." Plaintiff state that he is seeking a declaratory judgment as to his rights.[1] Plaintiff is also seeking injunctive relief prohibiting "further misapplication" of state law. Plaintiff claims his due process and equal protection rights are being violated.

/ / /

/ / /

---

[1] Plaintiff states that he is bringing this action under 28 U.S.C. § 2201, which permits this court to enter declaratory judgments.

2

1    Plaintiff asserts that the Board of Prison Terms' "authority to fix terms was

2  repealed and not replaced" by enactment of California's determinate sentencing law.[2]  Plaintiff

3  states that "[t]he misinterpretation and misapplication of the [determinate] sentencing statutes . . .

4  resulted in legal ambiguities and contradictions which have been repeatedly and intentionally

5  ignored by defendants. . . ."  Additionally, plaintiff contends that defendants are "currently

6  denying plaintiff the receipt and application of Good Behavior and Participation Credits to

7  reduce his term of imprisonment. . . ."

8    In essence, the gravamen of plaintiff's claim is that he was sentenced under the

9  indeterminate sentencing law, which had been repealed at the time of his conviction, and should

10  have been sentenced under the determinate sentencing law.  Plaintiff states that this error has

11  resulted in his being improperly classified as a "life-term" prisoner.  A key component of

12  plaintiff's claim is the allegation that repeal of the indeterminate sentencing law eliminated the

13  Board of Prison Terms' authority to fix terms.  He also claims that the sentencing judge

14  committed error by not sentencing him under the determinate sentencing law.  Specifically,

15  plaintiff states:

16    Plaintiff contends that there was absolutely no provision of
     statutory law which prohibited the sentencing court from fixing plaintiff's
17    term, accounting for aggravating and mitigating circumstances.

18  Plaintiff concludes that the determinate sentencing law makes parole mandatory after completion

19  of the fixed term.

20    Finally, plaintiff specifically alleges: "Plaintiff herein does not attack the length

21  or duration of his confinement, nor does he contend in any manner through this lawful action,

22  that his guilt or innocence is in question."  However, plaintiff asks this court to, among other

23  things, declare that he should not have been sentenced under the indeterminate sentencing law

24  ─────────────

25    [2]    Under the determinate sentencing scheme, every offense carries with it an upper
     term, a middle term, and a low term of imprisonment.  The upper term is the statutory maximum
     for any given offense.  The trial court is empowered to find facts necessary to fix the sentence at
26    any particular term, up to the maximum.

and that the sentencing court is "re-vested" with the authority to re-sentence him under the determinate sentencing law.

## II. DISCUSSION

The first amended complaint reveals that plaintiff's action suffers from a fatal defect. Specifically, plaintiff asks this court to declare that he was improperly sentenced. While plaintiff is correct that this claim does not necessarily challenge the length of his confinement or the fact of his guilt, if successful it would require this court to vacate a state court judgment. This is something the court can only do in the context of a request for habeas corpus relief and, even then, only after all state court remedies have been exhausted. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam); see also Edwards v. Balisok, 520 U.S. 641, 646 (1987); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994). Therefore, this action should be dismissed without prejudice to seeking appropriate relief from the state courts.[3]

## III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed, without prejudice, and that the Clerk of the Court be directed to enter judgment and close this file.

/ / /

---

[3] If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition. See Trimble, 49 F.3d at 586. Rather, such claims must be dismissed without prejudice. See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585.

1    These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days

3  after being served with these findings and recommendations, any party may file written

4  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

5  Findings and Recommendations."  Failure to file objections within the specified time may waive

6  the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

7

8  DATED:   October 24, 2006.

9

10                                      _____
                                        **CRAIG M. KELLISON**
11                                      UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26